UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**HEATHER R. FOLKMAN**,                                    Civil Case No. 6:13-CV-00953-KI

             Plaintiff,

                                      OPINION AND ORDER

                v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security,

             Defendant.


      Kathryn Tassinari
      Rob Baron
      Harder, Wells, Baron & Manning, P.C.
      474 Willamette, Suite 200
      Eugene, Oregon  97401

            Attorney for Plaintiff

      S. Amanda Marshall
      United States Attorney
      District of Oregon

Ronald K. Silver
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97201-2902

John C. Lamont
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

       Attorneys for Defendant

KING, Judge:

Plaintiff Heather Folkman brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and

supplemental security income benefits ("SSI").  I reverse the decision of the Commissioner and

remand for a finding of disability.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits

to people who have contributed to the Social Security program and who suffer from a physical or

mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but

who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to

cause death or to last for a continuous period of at least twelve months.  42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A).  An individual will be determined to be disabled only if his

physical or mental impairments are of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for

determining if a person is eligible for either DIB or SSI due to disability.  The evaluation is

carried out by the Administrative Law Judge ("ALJ").  The claimant has the burden of proof on

the first four steps.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520

and 416.920.  First, the ALJ determines whether the claimant is engaged in "substantial gainful

activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise,

the ALJ proceeds to step two and determines whether the claimant has a medically severe

impairment or combination of impairments.  A severe impairment is one "which significantly

limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R.

§§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of

impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the

impairment is equivalent to one of a number of listed impairments that the Commissioner

acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d),

416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is

conclusively presumed to be disabled.  If the impairment is not one that is presumed to be

Page 3 - OPINION AND ORDER

disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work she performed in the past, the ALJ makes a finding of "not disabled" and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is unable to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. Id. (internal quotation omitted). The court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations. Id.

## THE ALJ'S DECISION

The ALJ found Folkman has severe impairments of multiple sclerosis, diabetes, hypertension, obesity, and migraines. The ALJ also found that these impairments, either singly or in combination, are not severe enough to meet or medically equal the requirements of any of

Page 4 - OPINION AND ORDER

the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  After reviewing the record, the ALJ found Folkman has the residual functional capacity to perform sedentary work except she can frequently climb ramps and stairs, stoop, and crouch; can occasionally balance, kneel, and crawl; can never climb ladders, ropes, or scaffolds; can perform frequent reaching, handling and fingering; has limited depth perception at times and would be limited to occasional work requiring this skill; and must avoid concentrated exposure to workplace hazards.  Based on vocational expert testimony, the ALJ found Folkman could work as a clerical addresser and office helper and, thus, is not disabled under the Act.

## FACTS

Folkman alleges she became disabled on October 1, 2009,[1] when she was 28 years old, due to multiple sclerosis ("MS"), migraines, and depression.  She has an associate degree and worked as a care provider for developmentally-disabled adults, a children's day care aide, and a fast-food worker.  Folkman lives with her husband and three school-age children.

Folkman complains of extreme fatigue which causes her to take naps every day, difficulty with concentration and memory, dizziness, balance problems, pain throughout her body, difficulty walking very far or standing very long, numbness in her hand, tingling in various parts of her body, bouts of double vision and blurry vision, no depth perception, and incontinence. Folkman thinks she could only combine sitting, standing, and walking for a three-hour period before having to take a nap.  She gets a weekly injection of an MS medication which causes serious flu-like symptoms for a full day.  MS has limited Folkman's ability to do all of the typical

---

[1]  On November 8, 2011, shortly after her hearing before the ALJ, Folkman amended her alleged onset date to October 1, 2009.  The ALJ's opinion used the original alleged onset date of May 15, 2009.

household chores, including cooking, laundry, cleaning, and shopping.  Her family assists with these chores.

Folkman's last employer provided a letter stating Folkman was an excellent employee but could no longer do the job because of her MS.  In the last six months of employment, Folkman had missed sixteen to twenty days of work.

## DISCUSSION

The Commissioner concedes the ALJ's decision is not supported by substantial evidence in several respects:  (1) failure to incorporate into the residual functional capacity Dr. Martin Lahr's limitation of only occasional handling and fingering; (2) rejection of treating nurse practitioner Cynthia Maynes' opinion that Folkman is not able to work or to be safe while working; (3) failure to address the lay opinions of Folkman's husband and former employer; and (4) rejection of Folkman's credibility.  The parties agree I should reverse the decision of the Commissioner but disagree on whether the case should be remanded for rehearing or for a finding of disability.

The court has the discretion to remand the case for additional evidence and findings or to award benefits.  The court can award benefits "where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1164 (9th Cir. 2012) (internal quotation omitted).

Under the credit-as-true rule, a court should remand to an ALJ with instructions to calculate and award benefits if three factors are satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion;

and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  The court has some flexibility in applying the credit-as-true rule, however, and can remand for further proceedings "when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."  Id. at 1021.

Treating neurologist Dr. Mark Ramirez diagnosed Folkman with relapsing remitting MS in May 2009 based on an MRI and her history of symptoms, including several prior bouts of numbness and double vision.

On September 24, 2009, treating nurse practitioner Maynes discussed Folkman's numbness, weakness, decreased concentration, lack of depth perception, and continued double vision.  In her view, Folkman had increased difficulty walking, writing, and balancing, and she noted Folkman's headaches.  Maynes did not think Folkman would be able to work or to be safe while working.

Folkman lost her insurance and did not see a neurologist for a year.  She established care with OHSU neurologist Dr. Vijayshree Yadav in November 2010.  On February 18, 2011, Dr. Yadav filled out a questionnaire sent by Folkman's attorney.  In it, Dr. Yadav stated that Folkman's prognosis is guarded; that she has significant and disabling fatigue; that she is unable to sustain motor function in her upper and lower extremities, has poor balance, and is at risk of falling; that her gait will worsen with exertion and her dexterity will worsen with repetition; that she had exacerbations of MS in June 2009, August 2009, and October 2010; that in an eight-hour work day, she can sit about four hours and stand/walk less than two hours; that she would have to

take a 15 to 30 minute break every 30 to 60 minutes due to muscle weakness, pain, numbness,

and bladder urgency; that her attention and concentration would be affected 25 percent or more

of the day; and that Folkman would be absent more than four days a month.  Tr. 585-89.

Dr. Yadav's opinion is generally consistent with the opinions of Folkman's treating nurse

practitioner and prior treating neurologist, as well as the testimony of her husband, mother,

former employer, and Folkman herself.

The factors of the credit-as-true rule are all satisfied.  If I credit Folkman's testimony as

true, she would be unable to work due to the MS symptoms of severe fatigue, pain, vision

problems, and concentration problems.  I see no useful purpose for further administrative

proceedings.  There is no doubt Folkman has MS; the record is remarkably consistent about the

symptoms caused by the disease and their effect on Folkman's ability to work.  I do not have a

serious doubt Folkman is disabled.  Thus, I will remand the case for a finding of disability.

## CONCLUSION

The decision of the Commissioner is reversed.  The case is remanded for a finding of

disability as of the amended onset date of October 1, 2009.

IT IS SO ORDERED.

Dated this _____6th_____ day of January, 2015.


  /s/ Garr M. King_____
Garr M. King
United States District Judge